1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE WILLIAMS,

11           Plaintiff,                      No. CIV S-03-2518 FCD DAD P

12        vs.

13   COUNTY OF SACRAMENTO
     SHERIFF'S DEPARTMENT, et al.,           ORDER
14
             Defendants.
15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  In that action plaintiff alleges that on May 11, 2003 he was assaulted by

18   Sacramento County Sheriff's Deputies in the Main Jail.  Before the court are four discovery

19   motions: (1) plaintiff's March 2, 2005 motion to compel production of documents[1]; (2) plaintiff's

20   July 25, 2005 motion styled, "Motion Of Opposition To Defendant's Subpoena Dueces [sic]

21   Tecum"[2]; (3) plaintiff's July 27, 2005 motion styled, "Motion Of Hearing Re Discovery

22   Disagreement To Defendent [sic] Lt. Powell's Responses To Plaintiff's Request For Production

23   /////

24   _____

25       [1]  Court document number 42.

26       [2]  Court document number 44, and docketed as "Letter."

                                             1

1    Of Documents, And Motion To Compel"[3]; and (4) defendants' August 17, 2005 motion, styled,

2    "Motion To Quash Plaintiff's Subpoena To Lt.  Tracy Petrie Of The Sacramento County

3    Sheriff's Department Internal Affairs Division."[4]

4              In plaintiff's March 2, 2005 motion to compel the production of documents, he

5    contends that defendants were served with a request for production of documents on January 14,

6    2005 and have failed to produce any documents or to oppose the discovery request.  On March

7    17, 2005, defendants filed their opposition to this motion.  Counsel for defendants contends that

8    plaintiff's request for production was mailed to counsel but was not directed to a specific

9    defendant.  Rather, the request was propounded as follows, "TO: JONATHEN [sic] B. PAUL,

10   ATTORNEY FOR DEFENDANT [sic], AND THE CUSTODIAN OF RECORDS,

11   SACRAMENTO SHERIFF'S DEPARTMENT."  (Defs.' Opp'n (Defs.' First Opp'n), filed 8-17-

12   05, at 2.)  Counsel argues that he notified plaintiff of the deficiency and requested that plaintiff

13   redirect his request for production to a specific defendant.  Counsel also advised plaintiff that

14   should he bring a motion to compel, defendants would seek the imposition of sanctions because

15   the bringing of such a motion under the circumstances would be frivolous.  Counsel for

16   defendants argues that plaintiff is requesting documents relating to all seven defendants and that

17   no one individual would have access to the other defendants' personnel records.  (Id. at 3.)

18   Counsel also argues that to the extent that the request for production  is directed to Sheriff Lou

19   /////

20   /////

21   /////

22   /////

23   /////

24

---

25        [3]  Court document number 46.

26        [4]  Court document number 53.

2

1  Blanas, he is not a party to this action.[5]  (Id.)  Finally, defendants seek $218.50 in attorney fees[6]

2  as a sanction for bringing a frivolous motion.  (Id. at 3-4.)

3          The court will deny plaintiff's motion to compel production of documents filed

4  March 2, 2005 .  Plaintiff's discovery requests must be directed to a specific defendant and

5  plaintiff should tailor his discovery requests so that they are directed to the defendant who has

6  possession, custody or control of the requested documents.  The court will not order the

7  imposition of monetary sanctions at this time.  Although plaintiff was advised by defense counsel

8  that his requests for production of documents were deficient, the court does not find that his

9  motion was made in bad faith in light of the fact that plaintiff is proceeding pro se.

10          In his July 25, 2005 motion styled, "Motion Of Opposition To Defendent's [sic]

11  Subpeona [sic] Dueces [sic] Tecum," plaintiff seeks a protective order or an order quashing a

12  defense subpoena served on litigation coordinator Lori Shipman, as the custodian of records for

13  Centinela State Prison where plaintiff is incarcerated.[7]  The subpoena sought "Any And All

14  Records/Files In Your Possession Regarding Lawrence Williams (Inmate #H96315)."  (Pl.'s

15  Mot. of Opp'n, Attach., Subpoena In A Civil Case.)  Plaintiff argues that a copy of the subpoena

16  was never served on plaintiff, that the subpoena failed to provide sufficient time to respond to the

17  discovery request and that the discovery request is overly broad and seeks privileged information.

18  (Pl.'s Mot. of Opp'n at 3.)  Plaintiff seeks monetary sanctions of $347.24 for the time he spent

19  doing research and typing in connection with his opposition to the subpoena, as well as for costs

20

21      [5]  On July 1, 2004, the court ordered that service was appropriate for defendants
   Dickerson, Douglas, Bacoch, Zwolinski, Murray, Johnson, and Powell.  These defendants were
22  subsequently served with process and filed their answer.  Although Sheriff Blanas was named in
   plaintiff's amended complaint, the court did not order service with respect to him because he was
23  named as a supervisorial defendant and plaintiff had not alleged a sufficient causal link between
   this defendant and the claimed constitutional violation.

24      [6]  Counsel states that his hourly rate for attorney fees is $125 and that he expended 1.9
   hours in researching and drafting the opposition.  (Opp'n at 4.)
25

26      [7]  Plaintiff filed a similar request on August 24, 2005 in a document styled, "Reply To
   Defendent's [sic] Opposition To Plaintiff's Motion To Quash Subpeona [sic]."

1  incurred.  (Id. at 4.)  On August 12, 2005, defendants filed their response in which they argue that

2  plaintiff's motion to quash the subpoena is moot because defendants subsequently served an

3  amended subpoena seeking only plaintiff's medical records and that plaintiff consented to the

4  release of those documents.  On August 24, 2005, plaintiff filed a reply.  Plaintiff argues that the

5  first subpoena is still valid and that defendants may seek additional documents based on that

6  subpoena.  The court finds that the first subpoena served by the defendants has been superceded

7  by the amended subpoena.  Compliance with the first subpoena will not be enforced.  Therefore,

8  plaintiff's motion to quash the subpoena will be denied as moot.

9          On July 27, 2005, plaintiff filed a motion styled, "Motion Of Hearing Re

10  Discovery Disagreement To Defendent [sic] Lt. Powell's Responses To Plaintiff's Request For

11  Production Of Documents, And Motion To Compel (Pl.'s Mot. Re Def. Powell")."  Therein

12  plaintiff seeks a court order requiring defendant Powell to produce all records pertaining to the

13  alleged assault on May 11, 2003, including interview tapes, addresses of witnesses, duty rosters

14  and other investigative documents.  (Id. at 7-8.)  Plaintiff argues that he "is entitled to the

15  personnel records of officers indirectly involved in an attemp [sic] to show a link or substantial

16  contact between officers and the alleged misconduct."  (Id. at 7.)  Plaintiff also seeks monetary

17  sanctions in the amount of $300.00 in connection with this motion to compel.  In their

18  opposition, filed on August 17, 2005[8], defendants assert that plaintiff is seeking all documents

19  contained in Internal Affairs File No. 03-1A-67.  (Def.s' Opp'n to Pl.'s Mot. To Compel Product.

20  of Powell Docs., at 1.)  Defendants have attached to their opposition a copy of their response to

21  plaintiff's discovery request.

22          Request for Documents No. 1

23          All records including but not limited to divisional or internal
        office reports pertain [sic] to the incident of 5-11-03.

24  /////

25

26      [8]  Court document number 52.

4

1    Response

2        Objection.  Responding party objects as this Request on the
     grounds that it is compound, vague, ambiguous, overbroad and
3    seeks documents wholly irrelevant to the allegations set forth in the
     complaint.  Furthermore the request is vague and ambiguous
4    insofar as Plaintiff fails to define "incident."  Likewise, the
     Request is objectionable as it seeks documents protected by the
5    official information privilege, California Penal Code Section 832 et
     seq., California Evidence Code Sections 1040 & 1043, and violate
6    the privacy rights of both the individual officers and complainants.
     Thus, no privileged documents will be produced; see attached
7    privilege log.

8        However, without waiving the foregoing objections, responding
     party shall produce Inmate Incident Report, Inmate Incident Report
9    Narrative, and Inmate Incident Report Summary Listing for Report
     No. 0869787203; Incident Reporting Summary; and Request for
10   Reclassification.  See enclosed documents Bates 000001-000007.
     Additionally, see the correspondence between Plaintiff and the
11   representatives of the Internal Affairs Division.  See enclosed
     Bates 000009-000033.

12

13   (Id., Attach., Ex. A at 2-3.)  Defendants argue that plaintiff's motion is premature because he

14   failed to meet and confer prior to making the motion as required by Federal Rules of Civil

15   Procedure, Rule 35(a)(2)(b).  Defendants also argue that portions of the Internal Affairs files

16   contain confidential and personal information of the officers and inmates who were interviewed

17   in connection with the investigation.  (Def.s' Opp'n to Pl.'s Mot. To Compel Product. of Powell

18   Docs. at 2.)   Defendants request that the court either conduct an in camera review of the Internal

19   Affairs file or direct the parties to craft a protective order limiting the disclosure and permitting

20   redaction of personal confidential information which is unrelated to this lawsuit.  (Id. at 2-3.)

21       The court will grant plaintiff's motion to compel filed July 27, 2005 in part.

22   Defendants will be ordered to produce the contents of the Internal Affairs File No. 03-1A-67.

23   Defendants may redact personal information, such as the residence addresses and telephone

24   numbers of staff and inmates.   If defense counsel believe that the entire contents of any

25   particular document contained in the Internal Affairs file is privileged, they must file a motion for

26   a protective order seeking relief from this order within ten days of the date of the service of this

1    order.  Defendants are cautioned, however, that a claim that an official document is privilege

2    must be asserted by the head of the department which has control over and personal knowledge

3    concerning the document.  See Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

4    Finally, the court advises the parties that pursuant to the court's discovery order, filed on October

5    12, 2004, Local Rule 37-251 which requires that parties meet and confer prior to filing a

6    discovery motion, does not apply in this action in light of plaintiff's pro se status.  Plaintiff's

7    request for monetary sanctions will be denied.

8              On August 17, 2005, defendants filed a motion, styled, "Motion To Quash

9    Plaintiff's Subpoena To Lt.  Tracy Petrie Of The Sacramento County Sheriff's Department

10   Internal Affairs Division" (Defs.' Mot. to Quash).  Defendants contend that although the court

11   had not yet ruled on plaintiff's motion to compel the production of Internal Affairs Report 03-IA-

12   67, plaintiff issued a subpoena to Lt. Tracy Petrie of the Sacramento County Sheriff's

13   Department, Internal Affairs Division, requiring her to appear before this court and produce the

14   Internal Affairs file on the May 11, 2003 incident.  Defendants argue that the subpoena should be

15   quashed for the following reasons:  First, the subpoena is defective because it was not issued by

16   the Clerk of the Court or an attorney, fails to include the text from Rule 45(c) and 45(d) of the

17   Federal Rules of Civil Procedure, the subpoena was mailed to Lt. Petrie rather than being

18   personally served, and no witness fees were tendered with the subpoena.  (Id. at 3.)  Second, the

19   subpoena seeks the same documents which are the subject of plaintiff's request for production of

20   documents which is pending before this court and has been addressed above.  (Id.)  Defendants

21   contend that the documents are in their possession and that there is no purpose in requiring Lt.

22   Petrie to comply with the subpoena.

23             In light of the court's order concerning plaintiff's motion to compel the

24   production of the Internal Affairs File No. 03-1A-67, and defendants' assertion that the contents

25   of File No. 03-1A-67 are in defendant Powell's possession, defendants' motion to quash the

26   subpoena mailed to Sheriff's Lt. Tracy Petrie will be granted.

1        Accordingly, IT IS HEREBY ORDERED that:

2        1. Plaintiff's March 2, 2005 motion to compel production of documents is

3   denied;

4        2. Plaintiff's July 25, 2005 motion styled, "Motion Of Opposition To Defendant's

5   Subpoena Dueces [sic] Tecum, is denied as moot;

6        3. Plaintiff's  July 27, 2005 motion styled, "Motion Of Hearing Re Discovery

7   Disagreement To Defendent [sic] Lt. Powell's Responses To Plaintiff's Request For Production

8   Of Documents, And Motion To Compel," is granted in part;

9            a. Within ten days from the service of this order, defendant shall provide

10  plaintiff with a copy of the contents of the Internal Affairs File No. 03-1A-67;

11            b.  Personal information, such as private addresses and telephone numbers

12  shall be redacted on the copies of the documents in the file;

13            c. Except for use as an exhibit to documents filed in this action or as an

14  exhibit to be offered at trial, plaintiff shall not make copies of the documents from the Internal

15  Affairs File No. 03-1A-67; the documents may not be used outside the scope of this litigation or

16  disseminated to any person not a party to or representing a party to this litigation; all copies made

17  by plaintiff shall be submitted to defendants' counsel at the conclusion of this case;

18            d.  Any motion for a protective order concerning any documents in Internal

19  Affairs File No. 03-1A-67, shall be filed within ten days of service of this order; and

20        4. Defendants' August 17, 2005 motion, styled, "Motion To Quash Plaintiff's

21  Subpoena To Lt.  Tracy Petrie Of The Sacramento County Sheriff's Department Internal Affairs

22  Division is granted.

23  DATED: March 3, 2006.

24

25  DAD:4
    will2518.disc                          _____
                                           DALE A. DROZD
26                                         UNITED STATES MAGISTRATE JUDGE