IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE WILLIAMS,

    Plaintiff,                            No. CIV S-03-2518 FCD DAD P

    vs.

COUNTY OF SACRAMENTO
SHERIFF'S DEPARTMENT, et al.,

    Defendants.                         ORDER

/

        Plaintiff has filed a document entitled "Notice of Motion and Motion To Compel Production Of Sgt. Jon Zwolinski's Personnel Files."  Therein, plaintiff requests a court order directing defendant Zwolinski to produce the following:  all records from departmental investigations concerning plaintiff's excessive force claim, records of formal and informal complaints made against defendant during the past five years, contact information for the complainants and witnesses, and any psychiatric records which "bear on the propensity of the Sgt. Jon Zwolinski's preformance [sic] of his duty in the safety and care of prisoners or arrestess [sic]."  (Mot. to Compel at 2-3.)

        Plaintiff is informed that court permission is not necessary for serving discovery requests and that neither discovery requests served on an opposing party nor that party's

responses should be filed with the court until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Therefore, plaintiff may proceed by serving defendants with his discovery requests. However, plaintiff is cautioned that his discovery requests must be relevant to the pending litigation and must not be overly broad.

Plaintiff has also requested leave to depose five witnesses who were incarcerated at the Sacramento County Jail on May 11, 2003, and who plaintiff believes were eye-witnesses to the defendants' alleged use of excessive force against plaintiff. Plaintiff states that he is unsure whether these witnesses are still incarcerated at the jail. Accordingly, he seeks an order from the court compelling defendants to provide him with information regarding the inmate's home address, business address, place of employment, and correctional or medical facility placement. Plaintiff's request will be denied. Plaintiff must conduct his own discovery. The court will not issue any orders compelling responses to discovery requests that have not been served upon a party. Plaintiff may properly serve his discovery requests in compliance with the Federal Rules of Civil Procedure. As indicated above, if he is dissatisfied with the responses he may file a motion to compel in compliance with the Local Rules. At this time his request for an order is premature.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 17, 2006 motion to compel production of documents and plaintiff's May 24, 2006 motion for leave to depose witnesses will be placed in the court file and disregarded. Plaintiff is cautioned that further filing of discovery requests or responses, except as authorized by the applicable rules, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

DATED: May 30, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will2518.411b

2