IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE WILLIAMS,

    Plaintiff,      No. CIV S-03-2518 FCD DAD P

    vs.

COUNTY OF SACRAMENTO
SHERIFF'S DEPARTMENT, et al.,

    Defendants.      <u>ORDER</u>

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to the excessive use of force and denied medical care while incarcerated at the Sacramento County Main Jail. Before the court are plaintiff's request for leave to serve additional interrogatories and motion to compel production of documents.

I. <u>Background</u>

    Plaintiff filed his civil rights complaint on December 3, 2003. On March 25, 2004, the court dismissed the complaint and granted plaintiff leave to file an amended complaint. The amended complaint was filed on April 22, 2004. On July 1, 2004, the court determined that service of the amended complaint was appropriate with respect to defendants Officer Dickerson,

1

Correctional Officer Douglas, Correctional Officer Bacoch, Sergeant Zwolinski, Sergeant Murray, Sergeant Johnson, and Lieutenant Powell.  Defendants filed their answers on September 24, 2004 and September 28, 2004.  On October 12, 2004, the court filed its discovery order and on March 13, 2006, the court filed its scheduling order setting July 7, 2006 as the deadline for completion of all discovery.  The court also informed the parties that requests for discovery had to be served no later than sixty days prior to the close of discovery date.

There have been several discovery disputes brought before the court. On March 3, 2006, the court issued the following order:  (1) plaintiff's March 2, 2005 motion to compel the production of documents was denied because the request was not directed to a specific defendant; (2) plaintiff's July 25, 2005 request to quash defendants' subpoena directed to the litigation coordinator was denied as moot; (3) plaintiff's July 27, 2005 motion to compel production of documents was granted in part and defendants were ordered to produce the contents of an internal affairs file; and (4) defendants' August 17, 2005 motion to quash plaintiff's subpoena served on an Internal Affairs officer was granted.  On April 7, 2006, the court denied plaintiff's March 30, 2006 discovery motion as premature because plaintiff had not served his discovery request on the defendant in question.  In that same order, the court denied without prejudice, plaintiff's March 30, 2006 request for leave to serve additional interrogatories on defendants.  Plaintiff was advised that he needed to submit a copy of his proposed additional interrogatories in order for the court to consider and rule on his request.

II. Request to Serve Additional Interrogatories

Following the court's April 7, 2006 order, plaintiff renewed his request to serve additional interrogatories.  His proposed interrogatories include:  Twenty-eight interrogatories directed to defendant Johnson, thirteen interrogatories for defendant Murray, nine interrogatories for defendant Powell, twenty-eight interrogatories directed to defendant Douglas, twenty-three interrogatories directed to defendant Dickerson, twenty-eight interrogatories directed to defendant Zwolinski, and twenty-five interrogatories directed to defendant Bacoch.  (Pl.'s

1  Special Interrogatories, filed 5/3/06.)  On May 11, 2006, the court ordered defendants to file their
2  opposition or statement of non-opposition to plaintiff's request.

3  Defendants filed their opposition on June 9, 2006, asserting that plaintiff has
4  failed to make a particularized showing why additional interrogatories are necessary.  Defendants
5  argue that the majority of plaintiff's interrogatories seek information duplicative of documents
6  already in plaintiff's possession.  Pursuant to the court's March 3, 2006 order, defendants argue
7  that they provided plaintiff with internal affairs file 03-IA-67 which consisted of 247 pages of
8  reports and employee histories of defendant Zwolinski and Dickerson, and transcripts of
9  interviews by investigators with defendants Bacoch, Dickerson, Douglas, and Zwolinski
10 concerning the May 11, 2003 incident at issue in this action.  As to plaintiff's interrogatories
11 seeking identification of inmates who were involved in the incident, defendants argue that on
12 March 21, 2006, in response to plaintiff's request for production of documents set two, defendant
13 Zwolinski produced all incident reports (134 pages) for each inmate involved in the May 11
14 incident.  Lastly, defendants acknowledge that defendants Murray, Johnson, and Powell were not
15 interviewed as part of the internal affairs investigation and that they did not provide statements.
16 Thus, defendants essentially concede that interrogatories 1, 2, 7 through 13 for defendant
17 Murray; interrogatories 1 through 5, and 12 through 25 for defendant Johnson; and
18 interrogatories 1 through 9 for defendant Powell do not seek information duplicative of that
19 provided by the defendants in documents previously produced.

20 In his reply, plaintiff argues that the additional interrogatories are necessary
21 because defendant Johnson provided "evasive" or incomplete responses to three interrogatories
22 from the first set of interrogatories.  (Reply at 2-3.)  Plaintiff also argues that defendants have
23 failed to carry their burden of proving that all the proposed interrogatories are duplicative or that
24 plaintiff has documents in his possession that provide the information responsive to the proposed
25 interrogatories.  (Id. at 3.)  However, plaintiff acknowledges that interrogatories interrogatories 3,
26 4, and 5 for defendant Murray; interrogatories 3 and 5 for defendant Johnson; interrogatories 7,

1  10, and 17 for defendant Douglas; interrogatories 11, 25 and 26 for defendant Zwolinski;
2  interrogatory 5 for defendant Bacoch; and interrogatory 5 for defendant Dickerson are
3  duplicative.  (Id. at 3-4.)  Lastly, plaintiff argues that although incident reports for the inmates
4  who had refused to lock down were produced by defendants, plaintiff has not been able to locate
5  the inmate witnesses because defendants have failed to provide addresses which were requested
6  in an earlier interrogatory.

7  Contrary to plaintiff's assertion, plaintiff bears the burden of establishing that
8  additional interrogatories are needed and that the information he seeks is not duplicative of that
9  already provided.  According to Rule 26(b)(2), discovery may be limited if the discovery sought
10 "is obtainable from some other source that is more convenient, less burdensome, or less
11 expensive."  Defendants contend that hundreds of pages of documents have been produced from
12 the Internal Affairs investigation, as well as, incident reports.  Plaintiff fails to explain what
13 information he seeks that is not provided in those documents.  In addition, the court is not
14 persuaded by plaintiff's argument that defendants have failed to provide adequate responses to
15 earlier discovery requests.  If plaintiff was dissatisfied with responses to his discovery requests,
16 the appropriate remedy would have been to file a timely motion to compel.  Plaintiff's
17 dissatisfaction with prior discovery responses does not provide a basis for seeking leave to serve
18 additional interrogatories.

19 Despite the deficiencies with plaintiff's request for leave to serve additional
20 interrogatories, the court will order defendants to respond to those additional interrogatories that
21 the defendants' concede are not duplicative of prior discovery requets..

22 III.  Motion to Compel Production of Documents

23 In this motion, plaintiff seeks to compel further production of documents and
24 responses to interrogatories.  First, plaintiff contends that defendant Zwolinski failed to produce
25 documents that were requested in set two of his request for production of documents served on
26 April 14, 2006.  The dispute concerns request number one.

4

<u>Request for Production of Documents No. 1</u>

All documents showing each NAME of every inmate recorded by deputies concerning the refusal of inmates to lock down on May 11, 2003, the X-REF number, and last known LOCATION or HOUSING.

<u>Response to Request for Production of Documents No. 1</u>

Objection. Responding party objects to this Request on the grounds that it is compound, vague, ambiguous, overbroad, calls for the disclosure of private information of third parties and seeks documents wholly irrelevant to the allegations set forth in the complaint.

Without waiving the foregoing objections responding party shall produce all responsive documents in his possession custody or control which have not previously been produced. See enclosed documents Bates Stamped 000034 through 000138.

(Mot. to Compel, filed 6/16/06, Ex. A (Sgt. Zwolinski Response to Pl.'s Req. for Product. of Docs, Set Two), at 2.) Plaintiff contends that inmates Ricky Lawson, Branko Majsteoric, Anthony Weaver, Sherman Moore, and Maurice Kenney were eye-witnesses to the events at issue in this case and that their arrest records and charge sheets are public information and not privileged. Plaintiff argues that defendant should be ordered to identify the correctional facility where each of these inmate was transferred to or inform plaintiff that the inmate has been released from custody. In their opposition to the motion to compel, filed on June 30, 2006, defendants assert that defendant Zwolinski produced some 134 pages of incident reports. Although the reports may not contain the inmates' current addresses, defendants argue that they produced what was requested and should not have to conduct discovery which plaintiff can conduct himself. The court is not persuaded that defendant Zwolinski's production of documents was incomplete or evasive. Fed. R. Civ. P. 37(a)(3). Plaintiff's request was vague and overly broad. The court agrees with defendants that plaintiff did not request documents which would include the current addresses of the inmates whom plaintiff claims were eye-witness. Furthermore, plaintiff has not demonstrated that such information was within the possession, custody or control of defendant Zwolinski. Finally, the court cannot determine whether the

documents produced were incomplete since plaintiff failed to attach copies of the produced documents to his motion. See Local Rule 34-250(c).

Next, plaintiff contends that defendant Powell and Dickerson failed to respond to his request for production of documents, served on May 4, 2006. The discovery document was titled, "Notice Of Motion And Motion For Production Of Documents Of Lt. Powell And Deputy Dickerson." (Id., Ex. B.) Plaintiff asserts that the discovery request was served prior to the May 8, 2006, deadline for completing discovery. Defendants Powell and Dickerson contend that plaintiff served a "motion" for production of documents, not an appropriate request for production of documents. The court agrees. Plaintiff's motion contains the following language:

> YOU ARE HEREBY BY [sic] GIVEN NOTICE that plaintiff herein request the production of the police records of the officer(s) named as follows: Lt. Glenn Powell and Deputy Stephen Dickerson.
>
> Plaintiff seek[s] the work complaint history of each defendent [sic] named herein.
> . . . .
> Based on the information contained herein, plaintiff is entitled to the requested discovery and ask that the court grant plaintiff's motion, ordering defendents [sic] to release the requested documents. . . .

(MTC, Ex. B at 1-2.) In this regard, plaintiff failed to serve a proper discovery request on defendants. The court previously informed plaintiff that he needed to serve his discovery requests on the defendants and that a motion to the court for permission to conduct discovery was unnecessary. See Orders, filed 12/3/04 and 4/7/06. Even if the court were to construe plaintiff's motion as a request for the production of documents, plaintiff's request for "work complaint history" is overly broad and vague.

Plaintiff's final argument in his motion to compel concerns the court's May 11, 2006 order requiring defendants to file within thirty days from the service of the order, an opposition or notice of non-opposition to plaintiff's May 3, 2006 request for leave to serve defendants with additional interrogatories. Plaintiff contends that defendants failed to comply

1 with the court's order.  Court records indicate that defendants filed their opposition on June 9,
2 2006.  The opposition was timely filed; therefore, plaintiff's argument in this regard is without
3 merit.

          Accordingly, IT IS HEREBY ORDERED that:

          1.  Plaintiff's May 3, 2006 request for leave to serve additional interrogatories is granted in part;

          2.  Within thirty days from the service of this order, defendants Murray, Johnson and Powell shall respond to the following special interrogatories, served on May 3, 2006:

              a. Defendant Murray:  Special interrogatories nos. 1, 2, 7 through 13

              b. Defendant Johnson:  Special interrogatories nos. 1, 2, 4, 12 through 28

              c. Defendant Powell:  Special interrogatories nos. 1 though 9;

          3.  Within fifteen days from the service of responses to the special interrogatories, plaintiff may file a supplemental opposition to the September 1, 2006 motion for summary judgment/adjudication of issues filed by defendants Bacoch, Dickerson, Douglas and Murray; and

          4.  Plaintiff's June 16, 2006 motion to compel production of documents by defendants Zwolinski, Powell and Dickerson is denied.

DATED: February 26, 2007.

                                      DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE

DAD:4
will2518.mtc