IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE WILLIAMS,

    Plaintiff,                      No. CIV S-03-2518 DAD P

    vs.

COUNTY OF SACRAMENTO
SHERIFF'S DEPARTMENT, et al.,

    Defendants.              ORDER

_____/

        Plaintiff, currently a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to have all further proceedings before the undersigned. By this order, the case will be set for trial and the court will resolve pending evidentiary matters.

        The pretrial order was filed on March 6, 2008 and the parties were informed that objections must be filed within fifteen days from the date of the order, or the order would become final without further order of the court. Defendants filed objections on March 21, 2008, objecting to any obligation on their part to facilitate the execution of a writ of habeas corpus ad testificandum to obtain plaintiff's attendance at trial. At the trial confirmation hearing on April 1, 2008, District Judge Frank C. Damrell explained that the court would issue the writ for

1

plaintiff's attendance and that no assistance by defendants was anticipated.  Therefore, no modification of the pretrial order was ordered.  The undersigned deems the pretrial order, filed on March 6, 2008, as the final pretrial order.

No timely objections to the pretrial order were filed by plaintiff; however, on March 26, 2008, plaintiff filed a document titled, "Notice Of Motion and Motion To Lodge Exhibits 1 thru 52, And Additional Exhibit 53, Pursuant to Pretrial Order On March 6, 2008."[1]  Defendants have filed an objection to plaintiff's motion and plaintiff has filed a reply.  To the

---

[1] Defendants contend that exhibits numbered 22, 27, and 29 through 53 are new exhibits which were not included in the pretrial order.  Those exhibits are described by plaintiff as follows:

    22. Plaintiff's letter to Lt. Trang To, dated 8/7/03
    27. Internal Affairs letter from Lt. Tracy Petrie, dated 9/19/04
    29. Internal Affairs' findings and recommendations, 03-1A-67, dated 10/1/03
    30. Internal Affairs' case summary, dated 9/9/04
    31. Work/complaint history of Stephen Dickerson
    32. Work/complaint history of Sgt. Zwolinski
    33. Internal Affairs letter from Lt. Trang To, dated 7/7/03
    34. Internal Affairs interview of plaintiff, dated 7/29/03
    35. Internal Affairs interview of inmate Ricky Lawson, dated 8/11/03
    36. Internal Affairs interview of inmate Maurice Kenney, dated 9/8/03
    37. Internal Affairs interview of Deputy Bacoch, dated 7/30/03
    38. Internal Affairs interview of Deputy Douglas, dated 8/11/03
    39. Internal Affairs interview of Deputy Dickerson, dated 8/12/03
    40. Internal Affairs interview of Sgt. Zwolinski, dated 8/13/03
    41. Internal Affairs interview of Deputy Pai, dated 8/1/103
    42. Internal Affairs interview of Deputy Gregory, dated 8/11/03
    43. Internal Affairs interview of Deputy Berhalter, dated 8/11/03
    44. Internal Affairs interview of Sgt. Pittack, dated 8/5/03
    45. Internal Affairs interview of Deputy Maurer, dated 8/11/03
    46. 5 East log book dated May 11, 2003 through May 12, 2003
    47. A-shift work roster dated May 11, 2003
    48. Internal Affairs interview of inmate Branko Majsteoric, dated 9/8/03
    49. Internal Affairs interview of Deputy Deaux, dated 8/11/03
    50. Internal Affairs interview of Deputy Thompson, dated 8/11/03
    51. Internal Affairs interview of Deputy Glaser, dated 8/11/03
    52. Joy Mason-Johnson, M.D. Inc., Radiology report, dated 6/9/06
    53. Neurological surgery report, dated 1/31/08

extent that plaintiff seeks to add exhibits to his list of exhibits set out in the pretrial order, plaintiff's motion is untimely. Pursuant to Local Rule 16-281(b)(11), plaintiff was required to provide in his pretrial statement a list of documents or exhibits that he expected to offer at trial. The court liberally construed plaintiff's earlier motion, styled "Motion To Lodge Exhibits B thru I," filed on January 29, 2008, as plaintiff's list of trial exhibits. However, the court will not continue to accept plaintiff's late submissions. In addition, plaintiff's motion requires the court to scrutinize a list of fifty-three exhibits which mixes exhibits already listed in the pretrial order, as well as, exhibits plaintiff now seeks to add. The court will not do so. Therefore, plaintiff's motion to lodge Exhibits 1 thru 53, will be denied.[2]

On March 31, 2008, plaintiff filed a document titled "Notice Of Motion And Objection To Defendent's [sic] Witness List/Exhibits, Plaintiff's Criminal Record And Judgments." In this regard, the defendants had listed themselves and four others as witnesses in their pretrial statement. Each defendant and each of the other witness were also identified by the defendants as expert witnesses. Plaintiff argues that defendants failed to comply with Rule 26(a)(2)(B) which requires a written report with specific information regarding expert witnesses. Plaintiff also requests a <u>Daubert</u> hearing to determine the expert witness' qualifications and scope of the expert's testimony. At the trial confirmation hearing, defendants clarified that all of their witnesses are in fact percipient witnesses. Accordingly, plaintiff's motion concerning disclosures for expert witnesses will be denied. <u>See</u> Fed. R. Civ. P. 26(b)(4), Advisory Committee's Note (1970 Amendment) ("It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject

---

[2] Nevertheless, if he wishes to pursue the matter plaintiff should have copies of any exhibit that he seeks to use at trial with him on the first day of trial and be prepared to argue why he should be excused from complying with the requirements set forth in the pretrial order with respect to exhibits.

matter of the lawsuit. Such an expert should be treated as an ordinary witness.").

As to plaintiff's objections to the use of his criminal record and his deposition at trial, his motion will be denied as premature and defective. Pursuant to the pretrial order, plaintiff should file any motions in limine seven days prior to the trial. See Pretrial Order at 9.

Accordingly, IT IS HEREBY ORDERED that:

1. The pretrial order, filed on March 6, 2008, is deemed the final pretrial order;

2. Plaintiff's March 26, 2008 Motion To Lodge Exhibits 1 thru 52, And Additional Exhibit 53, is denied;

3. Plaintiff's March 31, 2008 motion objecting to defendants' witness list and use of plaintiff's criminal record, is denied;

4. Trial is set for June 16, 2008 at 10:00 a.m. before the undersigned in Courtroom 27; and

5. The parties shall refer to the pretrial order and Local Rules for deadlines to file motions in limine, the submission of proposed voir dire and proposed jury instructions, and to file trial briefs.

DATED: May 1, 2008.

DAD:4
will2518.trial

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE